IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 5:19-CR-51-001 (TES)

JONATHAN BLASH

**ORDER ON MOTION FOR REDUCTION IN SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A) – COMPASSIONATE RELEASE**

Upon motion of √ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission to the extent they are relevant to whether a reduction is warranted (and, if so, the amount of the reduction),

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served:

  If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

    ☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ___ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

_____
_____
_____
_____
_____
_____
_____

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

_____
_____
_____
_____
_____
_____
_____
_____

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records [medical, institutional, administrative] relevant to this motion.

√ DENIED after complete review of the motion on the merits.

   √ FACTORS CONSIDERED (Optional)

   Federal prisoner Jonathan Blash, proceeding pro se, has moved the Court for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A). For the following reasons, the motion is **DENIED.**

The First Step Act of 2018 authorized prisoners to move directly for a sentence reduction in District Court. Before the Act, "compassionate release" was available only upon a motion from the Director of the Bureau of Prisons. The amended statute provides that once a movant has established that he has fully exhausted his administrative rights, a court may reduce a term of imprisonment if, after considering the § 3553(a) factors, it finds that compelling and extraordinary reasons warrant a reduction and that a reduction is consistent with the "applicable" policy statements. 18 U.S.C. § 3582(c)(1). The policy

statements and accompanying application notes provide guidance on the grounds for compassionate release. USSG § 1B1.13. However, the policy statements were not amended after the amendment allowing prisoners to file direct motions for compassionate release. Thus, when adopted, the policy statements applied only to motions filed by the Director of the Bureau of Prisons. This has led several circuits to hold that the policy statements are not "applicable" to prisoner-filed motions for compassionate release. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020). On May 7, 2021, the 11th Circuit addressed the issue in its ruling in *United States v. Bryant* (996 F.3d 1243. 1247 (11th Cir. 2021)) and ruled that USSG § 1B1.13 is still an "applicable policy statement for an 18 U.S.C. § 3582(c)(1)(A) motion." The reasons for compassionate release mentioned in Blash's motion do not meet any of the criteria enumerated at USSG § 1B1.13.

After careful and complete review of the motion and supporting information submitted by the defendant, the applicable factors set forth in 18 U.S.C. § 3553(a) and considering policy statements found at USSG § 1B1.13 to the extent they are relevant to whether a reduction is warranted (and, if so, the amount of the reduction), this motion is **DENIED.**

The 11th Circuit held in *United States v. Bryant*, 996 F.3d 1243. 1247 (11th Cir. 2021) that the policy statement and commentary found at USSG § 1B1.13 are applicable and limits a prisoner-filed motion for compassionate release. According to USSG §1B1.13, only four circumstances qualify as extraordinary and compelling reasons. First, extraordinary, and compelling reasons may exist based on the medical condition of the defendant, if determined that the defendant is suffering from a terminal illness (i.e., a serious and advance illness with an end-of-life trajectory) or the defendant's ability to provide self-care within the correctional facility environment is substantially diminished and he or she is not expected to recover from at least one of the following: a serious physical or medical condition, a serious functional or cognitive impairment or a deterioration of physical or mental health because of the aging process. Second, the age of the prisoner can qualify as an extraordinary and compelling reason if the defendant is at least 65 years of age, experiencing a serious deterioration in physical or mental health because of the aging process and has served at least 10 years or 75% of his term of imprisonment, whichever is less. Third, family circumstances can constitute extraordinary and compelling reasons if the caregiver of the defendant's minor child or children dies or becomes incapacitated, or when the defendant's spouse or registered partner becomes incapacitated, and the defendant would be the only available caregiver for the spouse or registered partner. Fourth, extraordinary and compelling reasons may be present as determined by the Director of the Bureau of Prisons.

In his motion, the defendant fails to establish that he has exhausted administrative remedies. Additionally, he fails to disclose that he is suffering from medical conditions that are terminal or prevents him from providing self-care in the prison environment. None of the other reasons mentioned in the defendant's motion fall within any of the criteria for compassionate release as enumerated at USSG §1B1.13. As such, the defendant has failed to establish extraordinary and compelling reasons warranting compassionate release.

Regarding the Court's assessment of the factors found at 18 U.S.C. §3553(a), the Court notes the defendant's diverse criminal history which includes prior convictions for the following offenses: affray, stalking, criminal damage to property, aggravated stalking, theft by taking, theft of lost or mislaid property and battery. The Court has determined that the nature and circumstances of the offense and characteristics of the defendant weigh heavily against his request for compassionate release.

☐ DENIED WITHOUT PREJUDICE because the defendant has neither exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A); nor have 30 days lapsed since receipt of the defendant's request by the Warden of the defendant's facility.

So ordered this 26 day of April, 2022.



_____
TILMAN E. SELF, III
U.S. DISTRICT JUDGE