IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 5:19-CR-51-001 (TES) |
| JONATHAN BLASH | |

**ORDER ON SUCCESSIVE OR AMENDED MOTION FOR REDUCTION IN SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A) – COMPASSIONATE RELEASE**

Federal prisoner Jonathan Blash, proceeding pro se, has moved the Court for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A) in his successive motion for compassionate release (CM/ECF Doc #76). For the following reasons, the successive motion is **DENIED.**

The First Step Act of 2018 authorized prisoners to move directly for a sentence reduction in District Court. Before the Act, "compassionate release" was available only upon a motion from the Director of the Bureau of Prisons. The amended statute provides that once a movant has established that he has fully exhausted his administrative rights, a court may reduce a term of imprisonment if, after considering the § 3553(a) factors, it finds that compelling and extraordinary reasons warrant a reduction and that a reduction is consistent with the "applicable" policy statements. 18 U.S.C. § 3582(c)(1). The policy statements and accompanying application notes provide guidance on the grounds for compassionate release. USSG § 1B1.13. However, the policy statements were not amended after the amendment allowing prisoners to file direct motions for compassionate release. Thus, when adopted, the policy statements applied only to motions filed by the Director of the Bureau of Prisons. This has led several circuits to hold that the policy statements are not "applicable" to prisoner-filed motions for compassionate release. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020). On May 7, 2021, the 11th Circuit addressed the issue in its ruling in *United States v. Bryant* (996 F.3d 1243. 1247 (11th Cir. 2021)) and ruled that USSG § 1B1.13 is still an "applicable policy statement for an 18 U.S.C. § 3582(c)(1)(A) motion." The reasons for compassionate release mentioned in Blash's motion do not meet any of the criteria enumerated at USSG § 1B1.13.

After careful and complete review of the motion and supporting information submitted by the defendant, the applicable factors set forth in 18 U.S.C. § 3553(a) and considering policy statements found at USSG § 1B1.13 to the extent they are relevant to whether a reduction is warranted (and, if so, the amount of the reduction), this motion is **DENIED.**

The 11th Circuit held in *United States v. Bryant*, 996 F.3d 1243. 1247 (11th Cir. 2021) that the policy statement and commentary found at USSG § 1B1.13 are applicable and limits a prisoner-filed motion for compassionate release. According to USSG §1B1.13, only four circumstances qualify as extraordinary and compelling reasons. First, extraordinary, and compelling reasons may exist based on the medical condition of the defendant, if determined that the defendant is suffering from a terminal illness (i.e., a serious and advance illness with an end-of-life trajectory) or the defendant's ability to provide self-care within the correctional facility environment is substantially diminished and he or she is not expected to recover from at least one of the following: a serious physical or medical

condition, a serious functional or cognitive impairment or a deterioration of physical or mental health because of the aging process. Second, the age of the prisoner can qualify as an extraordinary and compelling reason if the defendant is at least 65 years of age, experiencing a serious deterioration in physical or mental health because of the aging process and has served at least 10 years or 75% of his term of imprisonment, whichever is less. Third, family circumstances can constitute extraordinary and compelling reasons if the caregiver of the defendant's minor child or children dies or becomes incapacitated, or when the defendant's spouse or registered partner becomes incapacitated, and the defendant would be the only available caregiver for the spouse or registered partner. Fourth, extraordinary and compelling reasons may be present as determined by the Director of the Bureau of Prisons.

In his successive motion, the defendant fails to establish that he has exhausted administrative remedies. Additionally, he fails to disclose that he is suffering from medical conditions that are terminal or prevents him from providing self-care in the prison environment. None of the other reasons mentioned in the defendant's motion fall within any of the criteria for compassionate release as enumerated at USSG §1B1.13. As such, the defendant has failed to establish extraordinary and compelling reasons warranting compassionate release.

Regarding the Court's assessment of the factors found at 18 U.S.C. §3553(a), the Court notes the defendant's diverse criminal history which includes prior convictions for the following offenses: affray, stalking, criminal damage to property, aggravated stalking, theft by taking, theft of lost or mislaid property and battery. The Court has determined that the nature and circumstances of the offense and characteristics of the defendant weigh heavily against his request for compassionate release.

So ordered this __16__ day of __Aug__, 2022.



_____
TILMAN E. SELF, III
U.S. DISTRICT JUDGE